IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Bradley McCarter, | ) C/A No. 0:15-2697-BHH-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Warden of Wateree Correctional Institution, | ) |
| Respondent. | ) |

Petitioner Raymond Bradley McCarter, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 20.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), McCarter was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 21.) McCarter filed a response in opposition to the respondent's motion. (ECF No. 27.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and McCarter's Petition be denied.

## BACKGROUND

McCarter was indicted in March 2010 in York County for assault and battery with intent to kill (2010-GS-46-1078). (App. at 442-43, ECF No. 19-4 at 446-47.) McCarter was represented by

David Cook, Esquire, and on August 25, 2011 pled guilty pursuant to a negotiated plea.[1] (App. at 283-95, ECF No. 19-4 at 287-99.) The circuit court sentenced McCarter to ten years' imprisonment. (App. at 295, ECF No. 19-4 at 299.) McCarter did not appeal his conviction and sentence.

McCarter filed a *pro se* application for post-conviction relief ("PCR") on April 9, 2012 in which he raised the following claims:

1.  Ineffective Counsel
    a.  Counsel failed to use important evidence in trial.
    b.  Conflict of Interest.

2.  Sentence was unduly harsh
    Medical records states mild injuries (not life threating [*sic*] injuries) (Judge was biased.)

(See McCarter v. State of South Carolina, 2012-CP-46-1312; App. at 297-303, ECF No. 19-4 at 301-07.) The State filed a return. (App. at 304-07, ECF No. 19-4 at 308-11.) On October 9, 2012, the PCR court held an evidentiary hearing at which McCarter appeared and testified and was represented by Sarah DiFranco, Esquire. By order filed June 28, 2013, the PCR court denied and dismissed with prejudice McCarter's PCR application. (App. at 416-25, ECF No. 19-4 at 420-29.) McCarter, through counsel, filed a motion to alter or amend (App. at 426-28, ECF No. 19-4 at 430-32), and on March 4, 2014 the PCR court issued an amended order of dismissal. (App. at 430-41, ECF No. 19-4 at 434-45.)

---

[1] McCarter initially was tried before a jury, but after two days of trial decided to enter a guilty plea.



On appeal, McCarter was represented by Lara M. Caudy, Esquire, with the South Carolina Commission on Indigent Defense, who filed a Johnson[2] petition for a writ of certiorari that presented the following issue:

> Whether Petitioner's guilty plea was knowingly, intelligently, and voluntarily made where he pled guilty on the third day of his jury trial due to counsel's deficient performance during the trial which left Petitioner with no choice but to ple[a]d guilty and where counsel had repeatedly attempted to improperly influence Petitioner to plead guilty over the course of [the] year?

(ECF No. 19-1.) On March 4, 2015, the South Carolina Supreme Court issued an order denying McCarter's petition for a writ of certiorari. (ECF No. 19-2.) The remittitur was issued on March 20, 2015. (ECF No. 19-3.) This action followed.

## FEDERAL HABEAS ISSUE

McCarter's federal Petition for a writ of habeas corpus raises the following issue, quoted verbatim:

> **Ground One:** Ineffective Assistance of Counsel.
> **Supporting Facts:** Counsel failed to cross examine three witnesses during jury trial. counsel failed to cross-examine the victim regarding his prior statement to police about the nature of his injuries. counsel failed to object to the foundation for the photographs of the victim's injuries before they are admitted into evidence. counsel failed to ensure accommodations to the court so that defendant could hear what was being said, of being deaf both ear

(Pet., ECF No. 1) (errors in original).

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



## DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

PJG

C.      **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**D.    Summary Judgment Motion**

In his Petition, McCarter raises four separate grounds in which he alleges counsel was ineffective during his trial. Initially, the court notes that these specific grounds were not addressed in the PCR court's order of dismissal. Therefore, these claims do not appear to have been preserved for review in McCarter's PCR appeal in state court. See Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating an issue is not preserved for appellate review where it was neither raised to nor ruled on by the PCR court). Because these claims are barred by independent state procedural rules, they are procedurally barred for the purpose of federal habeas review. See Lawrence, 517 F.3d at 714.

However, procedural bar is an affirmative defense that may be waived if not raised in the district court. See Gray v. Netherland, 518 U.S. 152, 165-166 (1996); see also Jenkins v. Anderson, 447 U.S. 231, 234 (1980). On the other hand, the court may, in its discretion, deny federal habeas relief on the basis that the petitioner's claim is procedurally barred, even if that defense was not preserved or presented properly by the state. Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999). In deciding whether the court should exercise its discretion to notice a petitioner's procedural default, courts should consider those factors relevant to balancing the federal interests in comity and judicial economy against the petitioner's substantial interest in justice. Id. at 262 (citing Magourik v. Phillips, 144 F.3d 348 (5th Cir. 1998)). The court should also consider whether justice requires the petitioner be afforded a reasonable opportunity to present briefing and argument opposing dismissal, and whether the state's failure to raise the defense of procedural bar was intentional or inadvertent. Id.

Here, the court finds that the interests of judicial economy and fairness to McCarter support a determination of his claims on the merits despite the procedural bar. Because the respondent did



not raise the procedural bar as a defense in its return and motion for summary judgment, McCarter has not yet had an opportunity to argue that he can show cause to excuse the procedural bar on these claims.  See Esslinger v. Davis, 44 F.3d 1515, 1528 (11th Cir. 1995) ("[W]e think it fundamentally unfair for a court *sua sponte* to invoke a procedural default without giving the petitioner an opportunity to show cause for the default.").  Also the court finds that further briefing on this issue would be superfluous because, as discussed below, the claims are patently without merit.  See Yeatts, 166 F.3d at 261 (providing that the lack of merit in the petitioner's underlying claim counsels against addressing the procedural bar issue).  Accordingly, the court will address the merits of McCarter's claims despite the procedural bar.

The deferential standard of review under § 2254(d) does not apply here because McCarter's claims were not adjudicated on the merits by the state court.  Instead, the court reviews this claim *de novo*.  See Cone v. Bell, 556 U.S. 449, 472 (2009); Winston v. Kelly, 592 F.3d 535, 553-54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is that the claims submitted must have been 'adjudicated on the merits' in state court.  When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo.").

On the merits, the court finds that all four grounds of ineffective assistance of counsel raised by McCarter should be denied because McCarter waived his right to contest errors at his trial when he pled guilty.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") (citing McMann v. Richardson, 397 U.S. 759, 770 (1970)); Menna v. New York, 423 U.S. 61, n.2 (1975) ("A guilty plea, therefore, simply renders



irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1294-95 (4th Cir. 1992) (applying Tollett and its progeny in the context of § 2254 habeas petitions).

The four grounds of ineffective assistance of counsel raised by McCarter's habeas petition do not attack the constitutional adequacy of his guilty plea.[3] Instead, the claims allege only that trial counsel provided deficient representation with respect to the trial that was interrupted by McCarter's guilty plea. Because the constitutional deprivations alleged by McCarter occurred prior to his guilty

---

[3] To the extent that McCarter's claim that counsel failed to ensure his hearing disability was accommodated in court could be construed to allege that the failure to accommodate was a defect in the plea proceeding, the court finds no basis in the record to support such a claim. Moreover, as argued by the respondent, such a claim would be procedurally barred from federal habeas review because it was not presented to the state courts in McCarter's PCR action. (Respt.'s Mem. Supp. Summ. J. at 21; ECF No. 19 at 21); see Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issues not raised to and ruled on by the PCR judge are not preserved for review on appeal); McCray v. State, 455 S.E.2d 686, n.1 (S.C. 1995) (stating issues not raised in a petition for a writ of certiorari from the denial of a petitioner's PCR application are not preserved for appellate review); see also Lawrence, 517 F.3d at 714. Moreover, McCarter has not argued that he can show cause to excuse the procedural bar. See Coleman, 501 U.S. at 750.



plea, McCarter waived the right to contest counsel's effectiveness in a collateral review proceeding. See Tollett, 411 U.S. at 267; Fields, 956 F.2d at 1294-95.[4]

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 20) and McCarter's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 6, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[4] The court notes that in McCarter's response to the respondent's motion for summary judgment, he asserts for the first time several new bases upon which he argues trial counsel was ineffective. (ECF No. 27.) He also alleges that if not for the many purported errors of trial counsel, he would not have pled guilty and instead would have proceeded with the trial. (Id. at 3, 7.) To the extent that McCarter raises new claims outside the scope of the grounds for relief presented in his Petition, these claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).