IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Bradley McCarter, ) | C/A No. 0:15-2697-BHH-PJG |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden of Wateree Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Raymond Bradley McCarter, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Page J. Gossett, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Gossett recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 29.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging ineffective assistance of counsel. On July 6, 2016, the Magistrate Judge issued a Report. On July 25, 2016, Petitioner filed his objections, (ECF No. 31), and then filed a supplement to his objections on July 26, 2016 (ECF No. 32). Other than adding an extra objection, the supplement is identical to Petitioner's original objections. Defendant filed a reply on August 10, 2016 (ECF No. 33). Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and

1

undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Comprehensive recitation of law and fact exists there.

2

Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

As an initial matter, Petitioner's objections are extremely brief and somewhat confusing. The Court has nevertheless conducted *de novo* review and finds that Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The petition for a writ of habeas corpus pursuant to § 2254 must be denied for the reasons set forth in the Magistrate Judge's concise and thorough report.

Petitioner first objects that the Magistrate Judge improperly refused to consider "supporting facts relevant to [his] claim[s]," including "actual ineffective assistance of counsel for failure to investigate." (ECF Nos. 31 at 1; 32 at 1.) The Court is somewhat perplexed by this objection, as it cannot find in the pleadings any express claim for ineffective assistance of counsel for failure to investigate. Regardless, the Magistrate Judge did not refuse to consider supporting facts to Petitioner's existing claims; rather, she correctly refused to consider "several new bases upon which [Petitioner] argues trial counsel was ineffective" because Petitioner asserted them for the first time in response to Respondent's motion for summary judgment. (ECF No. 29 at 11 n.4); *see, e.g., Jones v. McFadden*, No. 814-CV-04556-RMG-JDA, 2016 WL 825394, at *14 (D.S.C. Jan. 15, 2016), *report and recommendation adopted*, No. 8: 14-CV-4556-RMG, 2016 WL 827756 (D.S.C. Mar. 2, 2016) ("To the extent that Petitioner is attempting to raise new arguments in his response in opposition, new matters cannot be raised in a response in opposition to a motion for summary judgment, . . . and the Court will not address these

3

arguments.") (citing *Temple v. Oconee County*, C/A No. 6:13–144–JFA–KFM, 2014 WL 4417702, at *13 (D.S.C. Sept. 8, 2014); *White v. Roche Biomedical Labs.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992)). The Court agrees with the Magistrate Judge's finding that Petitioner cannot raise new claims in this way and overrules the objection.

Petitioner next objects that the Magistrate Judge contradicted herself when she considered the merits of Petitioner's ineffective assistance of counsel claims despite the apparent procedural bar, but then dismissed any allegation that counsel's "failure to accommodate was a defect in the plea proceeding" in part because this claim "would be procedurally barred." (ECF Nos. 29 at 10, n.3; 31 at 1; 32 at 1–2.) The Court, however, finds no contradiction in the Report. The Magistrate Judge first determined that Petitioner's failure to accommodate claim, to the extent he alleged a defect in the plea proceeding, failed on the merits. Specifically, she found "no basis in the record to support such a claim." (ECF No. 29 at 10, n.3.) She then noted that as with Petitioner's other ineffective assistance of counsel claims, this claim was not presented to the state courts in his PCR action, and, therefore, "would be procedurally barred from federal habeas review." (*Id.*) The Court agrees with the Magistrate Judge's finding that the record does not support any sort of claim that counsel failed to accommodate Petitioner's hearing disability in the plea hearing.[2] There is no error here and this objection is therefore overruled.

Petitioner's next objection asks why he was not "given the offer of ABHAN or lesser assault and battery offense." (ECF Nos. 31 at 2–3; 32 at 2.) He points to the

---

[2] In fact, the record reveals that during Petitioner's PCR hearing, Petitioner was asked directly, "Do you recall whether during the plea hearing you were having trouble hearing what Judge Hayes was saying?," to which he responded, "No, ma'am." (ECF No. 19-4 at 348.) He was further asked, "You could hear him fine?," to which he responded, "Yeah, Yes, ma'am." (*Id.*)

4

portion of the Report quoting Petitioner's state PCR application, in which Petitioner claims his "sentence was unduly harsh: medical records states [sic] mild injuries (not life threating [sic] injuries)." (ECF No. 29 at 2.) Essentially, Petitioner appears to claim for the first time that he should have been given a better offer from the Solicitor when he pled guilty. Same as above, this is a new ground for relief that was not raised in the petition. *See*, *e.g.*, *Jones*, 2016 WL 825394, at *14; *Temple*, 2014 WL 4417702, at *13; *White*, 807 F. Supp. at 1216. The Court therefore will not consider such a claim and overrules this objection.

Finally, Petitioner objects to the Magistrate Judge's statement that "McCarter waived the right to contest counsel's effectiveness in a collateral proceeding" when he pleaded guilty, citing his motion to alter and amend the PCR court's decision that he filed, through counsel, on July 15, 2013. (ECF Nos. 32 at 2; 19-4 at 430–32.) In the Report, the Magistrate Judge found that "Because the constitutional deprivations alleged by [Petitioner] occurred prior to his guilty plea, [Petitioner] waived the right to contest counsel's effectiveness in a collateral review proceeding." (ECF No. 29 at 10–11.) The fact that Petitioner filed a motion to alter and amend the PCR court's decision in his state court proceedings has no effect on the appropriateness of this finding. When Petitioner pleaded guilty in his state trial, he waived any "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1294–95 (4th Cir. 1992) (applying *Tollett* and its progeny in the context of § 2254 habeas petitions). The Magistrate Judge disposed of the only claim potentially relating to a defect in the plea proceeding on the merits, and found that

5

his remaining claims did not attack the constitutional adequacy of his guilty plea. Thus, she correctly found that Petitioner's guilty plea rendered summary judgment appropriate on his grounds for habeas relief. There is no error here and this final objection is overruled.

## **CONCLUSION**

After a thorough *de novo* review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 20) is GRANTED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the Court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the

legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 17, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.